## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK IVAN BROWN,

          Plaintiff,

                             Case No. 3:25-cv-00962-GCS

v.

TARA MCCOY,

          Defendant.

### MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

This matter is before the Court for case management purposes. Defendant Tara McCoy returned an executed waiver of service of summons on January 7, 2026, and her answer was due January 30, 2026. (Doc. 13). Defendant missed the deadline for filing a responsive pleading to the Complaint. On February 11, 2026, the Court *sua sponte* granted Defendant additional time. (Doc. 15). As of this date, Defendant has failed to move, answer, or otherwise plead in response to the Complaint.

On March 17, 2026, Plaintiff filed a motion for default judgment. (Doc. 16). In the motion, Plaintiff asks the Court to enter judgment in his favor and award him a total of $600,000 for pain and suffering and punitive damages. *Id.* Then on April 14, 2026, Plaintiff filed a motion asking the Clerk of Court to enter default pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 17). He again requests $600,000 in damages. *Id.*

The Motion for Default Judgment is **DENIED**. (Doc. 16). The motion was filed prematurely, prior to the Clerk of Court entering default pursuant to Federal Rule of Civil

Page 1 of 3

Procedure 55(a). Only after default has been entered pursuant to Rule 55(a) against a party is default judgment under Rule 55(b) appropriate. *See, e.g.,* *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004) (stating that "[t]here are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks."). The Court further notes that Plaintiff is not requesting damages "for a sum certain," and he has failed to produce any evidence on damages caused by Defendant McCoy's conduct and the grounds for "obtaining an award of punitive damages." *Id. See also Hendrickson v. Cooper,* 589 F.3d 887, 892 (7th Cir. 2009) (reviewing whether there was a "rational connection" between the evidence and the compensatory damage award for pain and suffering).

The motion seeking entry of default is **GRANTED**. (Doc. 17). The Federal Rules of Civil Procedure provide that the Clerk of Court must enter default against a defendant who has failed to plead or otherwise defend. *See* FED. R. CIV. PROC. 55(a). Accordingly, the Court **ORDERS** the Clerk of Court to **ENTER DEFAULT** against Defendant McCoy in accordance with Federal Rule of Civil Procedure 55(a). The Clerk of Court is **DIRECTED** to transmit a copy of this Order and the entry of default to Plaintiff and to Defendant McCoy. The Clerk shall also provide a copy of this Order to Assistant Attorney Generals Lisa Cook and Christine McClimans, as Defendant McCoy is represented by the Illinois Attorney General's Office in *Denzell v. McCoy,* Case No. 25-cv-00185-SPM (S.D. Ill.), which is also being litigated in this district.

**IT IS SO ORDERED.**

**DATED: May 19, 2026.**

Digitally signed by
Judge Sison
Date: 2026.05.19
14:39:59 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**