UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK IVAN BROWN,                  )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )   Case No. 3:25-cv-00962-GCS
                                     )
TARA MCCOY,                          )
                                     )
        Defendant.                   )
                                     )
                                     )

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

This matter is before the Court on Defendant Tara McCoy's motion to set aside entry of default and for an extension of time to file a responsive pleading. (Doc. 23). Defendant McCoy returned an executed waiver of service on January 7, 2026. (Doc. 13). Her answer was due on January 30, 2026. *Id.* However, she did not file an answer by that date. The Court then extended her deadline to March 5, 2026, but Defendant McCoy did not file an answer by the extended deadline. Plaintiff moved for entry of default on April 17, 2026. (Doc. 17). The Clerk of the Court filed an entry of default on May 20, 2026. (Doc. 20). The next day, Defendant McCoy moved to set aside the default and for an extension of time to file an answer. (Doc. 23). Defendant McCoy filed an answer on June 3, 2026. (Doc. 26).

Pursuant to Rule 55(c), "[t]he court may set aside an entry of default for good cause." FED. R. CIV. PROC. 55(c). "In order to vacate an entry of default the moving party

Page **1** of **2**

must show: 1) good cause for default, 2) quick action to correct it, and 3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-631 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but it is applied more liberally. *See Cracco*, 559 F.3d at 631.

Defendant McCoy has demonstrated good cause. Defendant contends that she was under the impression that she was represented by counsel from the Office of the Attorney General of the State of Illinois and only learned that she had to authorize the office to represent her on April 30, 2026. (Doc. 23, p. 2). Defendant McCoy then attempted to provide written authorization via email but mistakenly left the email unsent. *Id.* at 3. As soon as Defendant McCoy was made aware of the problem, she provided written authorization for the Illinois Attorney General's Office to represent her, at which point counsel entered an appearance on her behalf. *Id.*; (Doc. 21). Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Defendant has met the requirements of Rule 55(c).

Accordingly, the Court **GRANTS** the motion to set aside entry of default. (Doc. 23). The Court will enter a scheduling order in this case in due course.

> **IT IS SO ORDERED.**
>
> **DATED: June 22, 2026.**

Gilbert C Sison

Digitally signed by Gilbert C Sison
Date: 2026.06.22 15:35:33 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**